Tuiíeey, J.
delivered the opinion of the court
The principal question presented for the consideration of this court in this case arises upon the motion in arrest of judgment, and is, whether the circuit court had jurisdiction of the cause?
That the court had jurisdiction of the subject matter in dispute is not denied; but it is contended that it had not jurisdiction of the person of the plaintiff in error, and that therefore the judgment is void, and must be arrested. The want of jurisdiction in a court of the subject matter in dispute cannot be cured by appearance, by plea, by consent, or in any other way whatever; but the judgment is and must remain to all intents and purposes absolutely null and void. But it is not so in the case of a want of jurisdiction of the person. This is a personal privilege, and if the party seeks to avail himself of it, he must do it, if he appear, by plea in abatement; for if he enters an appearance and suffers a judgment by default, or if he plead to the merits of the case and go to trial, he has waived his privilege, and shall not be permitted afterwards to assert it.
To apply these principles to the present case. The warrant was returned before H. Harrison, Esq., and was by him *334 and J. Randal, Esq., whom he had called to preside with him, transferred for final trial to the jurisdiction of A. S. Davidson, Esq. a justice of the peace for the same county. That there is no law warranting this mode of proceeding is unquestionably true. A. S. Davidson gave judgment for the defendant, from which the defendant appealed to the circuit court.
Whether the defendant was before the justice litigating his rights does not appear. If he was, and did not insist on his personal privilege, to wit, the want of jurisdiction of his person by the justice, in consequence of the irregularity of the proceeding, as matter in abatement, but defended his pase upon its merits, he gave the justice jurisdiction of his person. When the cause was removed to the circuit court he was in the same position, if he had not given jurisdiction of his person to the justice by an appearance and defence of his case upon its merits. Inasmuch as the circuit court had jurisdiction of the -subject matter of the suit he was bound by the law to insist upon his personal privilege as a matter in abatement before he defended his case upon its merits. This he omitted to do. It is then too late to seek protection from it now. Let the judgment therefore be affirmed.^